*Snider & Hopper*, (*Garrett Z. Snider*, of counsel,) for appellants. *A. thur S. Tompkins*, for respondent.

BARNARD, P. J. The plaintiff made an agreement with her son, the defendant John Morris, that, in consideration of a transfer of personal property to the son by the mother, he (the son) would support the mother and her husband on his farm. The son broke the contract, and the plaintiff obtained a judgment against him for damages and costs—$252.06—on the 6th of October, 1890. An execution was returned unsatisfied, and the plaintiff by this action seeks to set aside a transfer of his farm made the 20th of September, 1890, but not recorded until after the trial of the action for breach of contract. The defendant John Morris transferred to his mother-in-law, the defendant Mrs. Crowe. An express agreement was shown that the transfer was made to prevent the plaintiff from collecting her judgment. The consideration was not real, and the transaction was not done in good faith. The only question, therefore, is whether the trial was had without error. The defendants offered to show that the plaintiff took away from the farm in question, when she left, some or all of the property she had assigned to her son as the consideration of her agreement with him; that this property was worth $800, as claimed by John Morris; that the sheriff was told to levy on this property in the possession of his mother. The evidence should have been received. *Cuyler* v. *Moreland*, 6 Paige, 273; *Storm* v. *Badger*, 8 Paige, 130; *Forbes* v. *Waller*, 25 N. Y. 430. The case must now be decided upon the assumption that at the time of the issuing and return of the execution against John Morris the plaintiff had abundant personal property of his in her possession out of which to pay the same, with all costs. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.

---

### THE HOPATCONG.

### THE MUSCONETCONG.

### CHESTER ROLLING-MILLS *v.* THE HOPATCONG *et al.*

### PHŒNIX IRON CO. *v.* SAME.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

COSTS—ENFORCEMENT OF LIENS AGAINST VESSELS.

　　The repeal of the former Code of Procedure, which prescribed and regulated costs and allowances in civil actions, did not affect the provision of Laws 1862, c. 482, § 19, that, in proceedings under that act for the collection of demands against vessels, the costs and allowances should be the same as in civil actions upon a trial.

Appeals from special term, Orange county.

Proceedings by the Phœnix Iron Company and the Chester Rolling-Mills to enforce demands against the vessels Hopatcong and Musconetcong, their tackle, etc., under Laws 1862, c. 482, providing for the collection of demands against ships and vessels. The claimants appeal from orders granting allowances, in addition to costs, to the owner of the vessels, the prevailing party. The appeals were heard together. Affirmed. For opinion on former appeal, see 6 N. Y. Supp. 215.

Argued before DYKMAN and PRATT, JJ.

*Abbett & Schmitt*, for appellants. *Harvey Weed*, (*E. A. Brewster*, of counsel,) for respondent.

PRATT, J. These proceedings are based upon the act of 1862,[1] and the allowances from which these appeals are brought were such as were authorized

[1] Laws 1862, c. 482, § 24, provides: "Judgment for costs shall be rendered in favor of the successful party as in personal actions, and the successful party shall be entitled to recover the costs and allowances provided for in the Code of Procedure in civil actions."

by that act. The costs and allowances granted by that act were not set forth bodily in the statute. They were incorporated into it by reference to the Code of Procedure then in existence, and became a portion of the act as effectually as if they had been set forth in words. The subsequent repeal of the Code of Procedure did not affect the act of 1862. That stands as it did before. The allowances made were therefore proper, and are affirmed.